UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KILGORE | ) | CASE NO. |
| 1335 S. Freedom Ave | ) | |
| Alliance, OH 44601 | ) | |
| | ) | JUDGE |
| on behalf of himself and all others | ) | |
| similarly situated, | ) | MAGISTRATE JUDGE |
| | ) | |
| | ) | **PLAINTIFF'S COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorsed Herein) |
| vs. | ) | |
| | ) | |
| PTC ALLIANCE, INC. | ) | |
| Copperleaf Corporate Centre | ) | |
| 6051 Wallace Road Ext., Suite 200 | ) | |
| Wexford, PA 15090 | ) | |
| | ) | |
| | ) | |
| ALLIANCE TUBULAR PRODUCTS LLC | ) | |
| Copperleaf Corporate Centre | ) | |
| 6051 Wallace Road Ext., Suite 200 | ) | |
| Wexford, PA 15090 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALLIANCE TUBULAR HOLDINGS LLC | ) | |
| Copperleaf Corporate Centre | ) | |
| 6051 Wallace Road Ext., Suite 200 | ) | |
| Wexford, PA 15090 | ) | |
| | ) | |
| Defendants. | ) | |

Now comes Plaintiff, Michael Kilgore, by and through counsel, and for a Complaint against Defendants PTC Alliance, Inc., Alliance Tubular Products LLC, and Alliance Tubular Holdings LLC. ("Defendants"), states and alleges the following:

**INTRODUCTION**

1.     This is a "collective action" instituted by Plaintiff as a result of Defendants' practice and policy of misclassifying Plaintiff and other similarly-situated employees as "exempt" employees, and not paying them overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because Plaintiff worked in Alliance, Ohio within this District and Division.

## PARTIES

4.     At all times relevant herein, Plaintiff was a resident of Stark County, Ohio.

5.     At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6.     At times relevant herein, Defendants were corporations that manufactured and distributed Drawn-Over-Mandrel Tubing (DOM), Electrical Resistance Welded Tubing (ERW), Cold Drawn Seamless Tubing (CDS), Chrome Plated Tubing and Bar, and Tubular and Bar Machined Components.

7.     Upon information and belief, Defendant PTC Alliance, Inc. is the parent company of Defendants Alliance Tubular Products LLC, and Alliance Tubular Holdings LLC and dominated the operations of Defendants Alliance Tubular Products LLC and Alliance Tubular Holdings LLC BNCB (including human resources operations) to the extent that the three entities

actually operated as one.

8.      Defendants were employers within the meaning of 29 U.S.C. § 203(d).

9.      At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

10.     At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12.     Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS
### (Failure to Pay Overtime Compensation)

13.     Plaintiff was employed by Defendants between approximately 2010 and 2016.

14.     Between approximately 2013 and 2016, Plaintiff was employed as a production shift supervisor at Defendants' facility in Alliance, Ohio.

15.     Other similarly-situated employees were employed by Defendants as shift supervisors at Defendants' Alliance, Ohio and Darlington, Pennsylvania locations.

16.     Plaintiff and other shift supervisors were classified by Defendants as "exempt" from the FLSA's overtime requirements, and were paid a salary wage for hours worked up to 45 and straight time overtime for hours worked over 45.

17.     However, as shift supervisors, Plaintiff and other similarly-situated shift supervisors' job duties did not involve hiring or firing other employees, nor did they make suggestions and recommendations that were given particular weight as to the hiring, firing, advancement, promotion or any other change of status of other employees.

18.     Plaintiff and other similarly-situated shift supervisors worked over 40 hours per week and were not paid overtime compensation at a rate of time and a half for the hours they worked over 40 each workweek.

19.     Plaintiff Michael Kilgore estimates that he worked at least 1200 overtime hours since August 2014 and was not paid time and a half for such hours

**(Defendant Willfully Violated the FLSA)**

20.      Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**<u>COLLECTIVE ACTION ALLEGATIONS</u>**

21.     Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

22.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former shift supervisors who were employed by Defendants in the Alliance, Ohio and Darlington, Pennsylvania facilities who were not paid overtime compensation at a rate of time and a half of their regular rate of pay for the hours they worked over 40 each workweek for the period of January 12, 2015 to the present.  (This relevant period has been extended for certain employees for whom Defendants have agreed to toll the statute of limitations for a specified period).

23.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 30 persons.

24.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are

similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

26. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**COUNT ONE**
**(Fair Labor Standards Act Violations)**

26. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Defendants' practice and policy of not paying Plaintiff and other similarly-situated sales representatives overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

28. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

29. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated shift supervisors have been damaged in that they have not received wages due to them pursuant to the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

5

A.    Issue an order permitting this litigation to proceed as a collective action;

B.    Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b);

C.    Award Plaintiff and the class he represents actual damages for unpaid wages;

D.    Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the class under the FLSA;

E.    Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F.    Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G.    Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ David J. Steiner
David J. Steiner (0075217)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
david@lazzarolawfirm.com
chastity@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ David J. Steiner
One of the Attorneys for Plaintiff